IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTHONY SIMS, ) | |
| ) | Judge Robert M. Dow, Jr. |
| Plaintiff, ) | |
| ) | Case No.: 1:19-cv-01432 |
| v. ) | |
| ) | Magistrate Judge M. David Weisman |
| DIVERSIFIED CONSULTANTS, INC., ) | |
| ) | |
| Defendant. ) | |

**DIVERSIFIED CONSULTANTS, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

NOW COMES the Defendant, Diversified Consultants, Inc. ("DCI"), by and through undersigned counsel, and for its answer and affirmative defenses to Plaintiff's Complaint, states as follows:

**NATURE OF THE ACTION**

1. This action seeks damages for Defendant's violation(s) of Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

**ANSWER:** DCI admits that plaintiff purports to bring this lawsuit pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, but denies any liability, damages or wrongdoing to the extent alleged in ¶ 1. Except as specifically admitted, DCI denies the allegations in ¶ 1.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C.§ 1331.

**ANSWER:** DCI admits the allegations in ¶ 2 for jurisdictional purposes only. Except as specifically admitted, DCI denies the allegations in ¶ 2.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

**ANSWER:** DCI admits the allegations in ¶ 3 for venue purposes only. Except as specifically admitted, DCI denies the allegations in ¶ 3.

1

## PARTIES

4. ANTHONY SIMS ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in this judicial district.

**ANSWER: DCI is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 4.**

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

**ANSWER: DCI is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 5.**

6. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

**ANSWER: DCI is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 6.**

7. DIVERSIFED CONSULTANTS, INC. ("Defendant") a telecom-specific collection company, specializes in the bad debt recovery of wireless, landline, cable, satellite, utilities, and security arenas. It offers third party collection and pre-collection services; and resolves customers' delinquency and dispute issues. The company was founded in 1992 and is headquartered in Jacksonville, Florida. It has a satellite office in Portland, Oregon.

**ANSWER: DCI admits that it has offices in Florida and Oregon and that its business activities include, under certain circumstances, the collection of accounts for third parties in various service areas. Except as specifically admitted, DCI denies the allegations in ¶ 7.**

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**ANSWER: DCI admits only that when it acts as a debt collector as defined by 15 U.S.C. §1692a(6), its debt collection efforts may be regulated by certain provisions of the FDCPA. Except as specifically admitted, DCI denies the allegations in ¶ 8.**

9. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

**ANSWER: DCI is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 9.**

## FACTUAL ALLEGATIONS

10. In February 2018, Plaintiff fell victim to Defendant's persistent collection call campaign.

**ANSWER: DCI denies the allegations in ¶ 10.**

11. Upon information and belief, Defendant sought to collect a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

**ANSWER: DCI admits that it had an account in plaintiff's name owed to Comcast Corporation. Except as specifically admitted, DCI is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 11.**

12. Almost immediately, Plaintiff answered. Plaintiff noticed "pause" prior to being connected to Defendant's representative.

**ANSWER: DCI denies the allegations in ¶ 12.**

13. Once connected to Defendant's representative, Plaintiff politely requested Defendant stop calling.

**ANSWER: DCI denies the allegations in ¶ 13.**

14. In spite of Plaintiff's request that Defendant stop calling, Defendant placed no less than 35 additional unconsented-to phone calls to Plaintiff's cellular telephone.

**ANSWER: DCI denies the allegations in ¶ 14.**

15. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the number ending in 8003.

**ANSWER: DCI is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 15.**

16. At all times relevant, Plaintiff's number ending in 8003 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

**ANSWER: DCI is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 16.**

17. At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

**ANSWER: DCI is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 17.**

18. Defendant's collection calls have severely disrupted Plaintiff's everyday life and overall well-being.

**ANSWER: DCI denies the allegations in ¶ 18.**

19. Defendant's telephone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, decreased work productivity, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

**ANSWER: DCI denies any violations, wrongdoing, liability or damages to the extent alleged in ¶ 19, and denies the allegations in ¶ 19.**

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq*.)

20. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**ANSWER: DCI repeats and realleges its answers to the allegations in the preceding paragraphs as though fully stated herein.**

15 U.S.C. § 1692d(5)

21. Section 1692d provides:

> [a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse,

4

or harass any person at the called number.

15 U.S.C. § 1692d(5).

**ANSWER: Paragraph 21 contains only a legal conclusion requiring no response. To the extent a response is necessary, DCI denies any violations, wrongdoing, liability or damages to the extent alleged in ¶ 21.**

22. Defendant violated 15 U.S.C. § 1692d(5) by placing no less than 35 phone calls to Plaintiff in spite of Plaintiff's request that they stop calling.

**ANSWER: DCI denies any violations, wrongdoing, liability or damages to the extent alleged in ¶ 22, and denies the allegations in ¶ 22.**

23. Defendant's behavior of repeatedly calling Plaintiff was abusive, harassing, and oppressive.

**ANSWER: DCI denies any violations, wrongdoing, liability or damages to the extent alleged in ¶ 23, and denies the allegations in ¶ 23.**

24. Plaintiff may enforce the provisions of 15 U.S.C. § 1692d(5) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of –

(1) any actual damage sustained by such person as a result of such failure;
(2)
(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**ANSWER: Paragraph 24 contains only a legal conclusion requiring no response. To the extent a response is necessary, DCI denies any violations, wrongdoing, liability or damages to the extent alleged in ¶ 24.**

WHEREFORE, Plaintiff requests the following relief:

A. a finding that Defendant violated 15 U.S.C. § 1692d(5);

B.      an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);

C.      an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D.      an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

E.      an award of such other relief as this Court deems just and proper.

**ANSWER: In response to the allegations following ¶ 24, which constitutes a prayer for relief, DCI denies that plaintiff is entitled to any relief.**

## COUNT II:
## Telephone Consumer Protection Act (47 U.S.C. § 227 et. seq.)

25.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**ANSWER:  DCI repeats and realleges its answers to the allegations in the preceding paragraphs as though fully stated herein.**

26.     Defendant placed or caused to be placed no less than 35 non-emergency calls, including but not limited to the aforementioned collection calls, to Plaintiff's cellular telephone utilizing an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

**ANSWER:   DCI denies using an ATDS and denies the allegations in ¶ 26.**

27.     Upon information and belief, based on the lack of prompt human response, Defendant employed an ATDS to place calls to Plaintiff's cellular telephone.

**ANSWER:   DCI denies using an ATDS and denies the allegations in ¶ 27.**

28.     Upon information and belief, the ATDS employed by Defendant transfers the call to a live representative once a human voice is detected, hence the clear pause.

**ANSWER:   DCI denies using an ATDS and denies the allegations in ¶ 28.**

29.     Upon information and belief, Defendant acted through its agents, employees, and/or representatives at all times relevant.

**ANSWER: DCI is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 29.**

30. As a result of Defendant violations of 47 U.S.C. § 227 (b)(1)(A)(iii), Plaintiff is entitled to receive $500.00 in damages for each violation.

**ANSWER: DCI denies any violations, wrongdoing, liability or damages to the extent alleged in ¶ 30, denies the allegations in ¶ 30, and denies that plaintiff is entitled to any relief.**

31. As a result of Defendant's knowing and willful violations of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

**ANSWER: DCI denies any violations, wrongdoing, liability or damages to the extent alleged in ¶ 31, denies the allegations in ¶ 31, and denies that plaintiff is entitled to any relief.**

WHEREFORE, Plaintiff requests the following relief:

A. a finding that Defendant violated 47 U.S.C. § 227 et seq.;
B. an award of statutory damages of at least $500.00 for each and every violation;
C. an award of treble damages of up to $1,500.00 for each and every violation; and
D. an award of such other relief as this Court deems just and proper.

**ANSWER: In response to the allegations following ¶ 31, which constitutes a prayer for relief, DCI denies that plaintiff is entitled to any relief.**

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

**ANSWER: In response to the allegations following ¶ 31, which constitutes a Jury Demand, DCI admits plaintiff purports to seek trial by jury, but denies that plaintiff is entitled to any relief.**

## AFFIRMATIVE DEFENSES

AND NOW, in further Answer to the Complaint, Defendant Diversified Consultants, Inc. avers as follows:

### FIRST AFFIRMATIVE DEFENSE

Pursuant to 15 U.S.C. § 1692k(c), to the extent that a violation(s) is established and in the event DCI is found to be a debt collector as defined by the FDCPA, which is denied, any such violation(s) was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

### SECOND AFFIRMATIVE DEFENSE

The equipment used by DCI is not covered by or subject to the TCPA.

### THIRD AFFIRMATIVE DEFENSE

If any phone calls were made to plaintiff, they are exempt from TCPA liability under 47 U.S.C. § 227(b)(1)(B), 47 U.S.C.§ 227(b)(2)(B), and 47 C.F.R. § 64.1200(a).

### FOURTH AFFIRMATIVE DEFENSE

If any phone calls were made to plaintiff, they were made by equipment that did not have the capacity to store or produce telephone numbers to be called using a random or sequential number generator and to dial such numbers.

### FIFTH AFFIRMATIVE DEFENSE

The phone calls were placed with plaintiff's prior express consent.

### SIXTH AFFIRMATIVE DEFENSE

DCI denies any liability; however, regardless of liability, plaintiff has suffered no damages as a result of the alleged violations of law.

### SEVENTH AFFIRMATIVE DEFENSE

Assuming that plaintiff suffered any damages, he has failed to mitigate his damages or take other reasonable steps to avoid or reduce his damages.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has not incurred an injury in fact, and plaintiff does not therefore have standing under Article III of the United States Constitution to bring the instant claims.

WHEREFORE, Defendant, Diversified Consultants, Inc., respectfully requests that plaintiff's lawsuit be dismissed with prejudice, and for all other general and equitable relief.

Dated: April 30, 2019  Respectfully submitted,

*s/ Morgan I. Marcus*
Morgan I. Marcus
Andrew E. Cunningham
Sessions, Fishman, Nathan & Israel, LLC
141 West Jackson Boulevard, Suite 3550
Chicago, Illinois 60604
Telephone: (312) 578-0985
E-mails: mmarcus@sessions.legal
acunningham@sessions.legal

*Attorneys for Defendant,*
*Diversified Consultants, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 30, 2019, a true and correct copy of the foregoing **Answer and Affirmative Defenses to Plaintiff's Complaint** was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*s/ Morgan I. Marcus*

*Attorney for Defendant,*
*Diversified Consultants, Inc.*