IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTHONY SIMS, | Case No. 1:19-cv-01432 |
| Plaintiff, | |
| | Honorable Robert M. Dow, Jr. |
| v. | |
| | Honorable M. David Weisman |
| DIVERSIFIED CONSULTANTS, INC., | Magistrate Judge |
| Defendant. | |

## INITIAL STATUS REPORT

Pursuant to Fed. R. Civ. P. 26(f) and this Court's Case Procedures, the parties submit the following Initial Status Report.

**A.    The attorneys of record for each party including the attorney(s) expected to try the case.**

| | |
|---|---|
| Joseph S. Davidson | Morgan I. Marcus |
| Mohammed O. Badwan | Andrew E. Cunningham |
| SULAIMAN LAW GROUP, LTD. | SESSIONS FISHMAN NATHAN & ISRAEL |
| 2500 South Highland Avenue | 141 W. Jackson Boulevard |
| Suite 200 | Suite 3550 |
| Lombard, Illinois 60148 | Chicago, Illinois 60604 |
| +1 630-581-5450 | +1 312-578-0990 |
| +1 630-575-8180 | mmarcus@sessions.legal |
| jdavidson@sulaimanlaw.com | acunningham@sessions.legal |
| mbadwan@sulaimanlaw.com | |
| *Counsel for Anthony Sims* | *Counsel for Diversified Consultants, Inc.* |

**B.    The basis for federal jurisdiction.**

Subject matter jurisdiction exists over claims asserted pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. Defendant does not contest jurisdiction at this time.

C. **The nature of the claims asserted in the complaint and any counterclaim.**

Plaintiff alleges that Defendant violated 15 U.S.C. § 1692d(5) by continuing to place phone calls to Plaintiff in spite of Plaintiff's request(s) that Defendant stop calling. Finally, Plaintiff alleges that Defendant placed or caused to be placed no less than 35 non-emergency calls to Plaintiff's cellular telephone utilizing an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

Defendant denies the allegations or any violations of law, denies using an ATDS, and denies that Plaintiff suffered any damages. Defendant has not asserted a counterclaim.

D. **The name of any party who or which has not been served, and any fact or circumstance related to non-service of process on such party.**

None.

E. **The principal legal issues.**

(1) Whether Defendant utilized an automated telephone dialing system or an artificial or pre-recorded voice to make a call without the prior express consent to a telephone number assigned to a cellular telephone service? (2) Whether Plaintiff revoked express consent to be called using any reasonable method? (3) Whether an award of treble damages is warranted? (4) Whether Defendant engaged in conduct to harass, oppress, or abuse Plaintiff? (5) Whether any violation of the FDCPA was a result of a bona fide error? (6) Whether any of Defendant's affirmative defenses apply?

F. **The principal factual issues.**

(1) Whether Defendant utilized an automated telephone dialing system or an artificial or pre-recorded voice to make a call without the prior express consent to a telephone number assigned to a cellular telephone service? (2) Whether Plaintiff consented to receive calls made by an automated telephone dialing system or an artificial or pre-recorded voice to a telephone number assigned to a cellular telephone service? (3) The amount, frequency, and/or number of calls made by Defendant to Plaintiff's cellular telephone service? (4) Whether Plaintiff suffered any damages and the extent of any damages?

G. **Whether a jury trial has been demanded by any party.**

A jury trial has been demanded by Plaintiff.

H. **A brief description of any discovery that has been taken and of the discovery anticipated to be required, and suggested dates for discovery deadlines and cutoff.**

The parties have not yet sought discovery; however, limited and tailored discovery conforming to the Federal Rules of Civil Procedure and the Mandatory Initial Discovery Pilot Project (the "MIDP") is likely to be sought in short order.

**A.** **The general type of discovery needed;**

Oral and written; third party discovery, including Plaintiff's cellular service provider, will be needed.

**B.** **A date to issue written discovery;**

June 17, 2019.

**C.** **A date for the deadline for the amendment of pleadings;**

August 16, 2019.

**D.** **A fact discovery completion date;**

October 16, 2019.

**E.** **An expert discovery completion date;**

January 16, 2020.

**F.** **Electronically stored information.**

The parties agree that readily accessible electronically stored information will be produced in .pdf format pursuant to Requests to Produce. To extent that electronically stored information is not readily accessible, the parties agree to follow the guidelines provided for by Fed. R. Civ. P. 26(b)(2)(B).

**I.** **The earliest date the parties will be ready for trial and the length of the trial;**

The parties anticipate June 16, 2020 as the earliest date they will be ready for trial. The parties expect the length of the trial to be 2 to 3 days.

**J.** **Whether the parties consent unanimously consent to proceed before the Magistrate Judge;**

The parties do not consent unanimously to proceed before the Magistrate Judge.

**K.** **The status of any settlement discussions.**

None to date.

**L.**     **Whether the parties request a settlement conference.**

The parties do not request a settlement conference at this time; however, they reserve the right to request one following discovery to the extent it will help expedite the resolution of this case.

| | |
|---|---|
| DATED: May 14, 2019 | Respectfully submitted, |
| */s/ Joseph S. Davidson* | */s/ Morgan I. Marcus* |
| Joseph S. Davidson<br>Mohammed O. Badwan<br>SULAIMAN LAW GROUP, LTD.<br>2500 South Highland Avenue<br>Suite 200<br>Lombard, Illinois 60148<br>+1 630-581-5450<br>+1 630-575-8180<br>jdavidson@sulaimanlaw.com<br>mbadwan@sulaimanlaw.com | Morgan I. Marcus<br>Andrew E. Cunningham<br>SESSIONS FISHMAN NATHAN &<br>ISRAEL<br>141 W. Jackson Boulevard<br>Suite 3550<br>Chicago, Illinois 60604<br>+1 312-578-0990<br>mmarcus@sessions.legal<br>acunningham@sessions.legal |
| *Counsel for Anthony Sims* | *Counsel for Diversified Consultants, Inc.* |